IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cr212

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| LADD MORRISON | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant to grant bond pending sentencing. (Doc. No. 23). A similar request was denied by a magistrate judge on January 21, 2011, and the Court has reviewed that hearing.[1]

The defendant pled guilty to conspiracy to possess with intent to distribute at least 5 kg of cocaine (Count One) and possession of a firearm in furtherance of that drug trafficking crime. (Count Two). (Doc. No. 16: Information; Doc. No. 17: Plea Agreement). Although the defendant had been released on bond following his arrest on a complaint (Doc. No. 11: Appearance Bond), a magistrate judge denied his motion (Doc. No. 18) to remain on bond following his plea.[2] Title 18, United States Code, Section 3145(c) requires a defendant to show exceptional circumstances to remain on bond pending sentencing when convicted of certain crimes, including the defendant's offenses. United States v. Goforth, 546 F.3d 712, 713-14 (4th Cir. 2008).

In the instant motion, the defendant asserts that his parents' worsening medical condition, his abiding by conditions while on bond, his cooperation with the government, and his lack of

---

[1] Although the hearing was not transcribed, the Court has reviewed a recording of the proceedings.

[2] The government opposed the defendant's continued release.

previous criminal record constitute exceptional circumstances. (Doc. No. 23: Motion at ¶ 6). The defendant cites district courts in other circuits in support of his argument. However, the majority of district courts in the Fourth Circuit have found that such family circumstances are not exceptional.³

Here, the Court finds that the defendant's family hardship is not exceptional. Most defendants leave behind important family responsibilities when they choose to engage in criminal behavior, including serious and potentially violent activity as is involved in this case. Even when combined with other factors which would support release prior to a guilty plea, such circumstances are not exceptional, but rather typical in a federal criminal case.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

Signed: July 6, 2011

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge

---

³ See e.g. United States v. Willis, No. 3:10cr56, 2011 WL 1542140, at *2 (W.D.N.C. Apr. 22, 2011) (family hardships, compliance with conditions, cooperation with government, and lack of criminal history regularly occur in criminal cases and are not exceptional); United States v. Vilaiphone, No. 3:08cr232, 2009 WL 412958, at *2 (W.D.N.C .Feb. 18, 2009) (same); United States v. Geddings, 497 F. Supp. 729, 742 (E.D.N.C. 2007) (family concerns are not exceptional); United States v. Clark, No. 2:02cr10104, at *2 (W.D. Va. Jan. 7, 2003) (family responsibilities "unfortunately common"); United States v. Taliaferro, 779 F. Supp. 836, 838 (E.D. Va. 1992) (defendant's daughter's difficult pregnancy not exceptional); but see United States v. Boston, No. 5:08cr12, 2008 WL 4661026 (W.D.N.C. Oct. 20, 2008) (family circumstances combined with government's lack of objection justified release).

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: July 6, 2011

Robert J. Conrad, Jr.
Chief United States District Judge